a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BOBBY PULLEN, Petitioner | CIVIL ACTION NO. 1:20-CV-480-P |
| VERSUS | JUDGE DRELL |
| S. MERENDINO, ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is an "Emergency Petition for Declaratory and Injunctive Relief, 18 U.S.C. § 3626, With Attachment A" filed by *pro se* Petitioner Bobby Pullen ("Pullen") (#07753-031). Pullen is an inmate in the custody of the Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Institution in Pollock, Louisiana.

Among other things, Pullen asks to be released to home confinement. He claims to be particularly susceptible to COVID-19, which continues to plague the nation in general and its detention facilities in particular. And he cites – or the Court construes his allegations as arising under – several statutes and constitutional provisions, including the Prison Litigation Reform Act (the "PLRA"), 18 U.S.C. § 3626; the habeas corpus statute, 28 U.S.C. § 2241; the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, and; the "First Step Act of 2018", Pub. L. No. 115-391, 132 Stat. 5194.

But none of those statutes warrant relief. Therefore, Pullen's Petition (ECF No. 1) should be DENIED and DISMISSED WITHOUT PREJUDICE. Additionally, Pullen's Appeal of Magistrate Judge Decision (ECF No. 7), which seeks clarification

of a prior order construing Pullen's Petition as a request for habeas corpus relief, should be DENIED AS MOOT.

## I.   Background

Pullen was convicted of possession with the intent to distribute approximately 320 pounds of marijuana in violation of 21 U.S.C. § 841. *United States v. Pullen*, 98-CR-40080, 2017 WL 3674979, at *1 (D. Kan. Aug. 23, 2017). He was sentenced to 262 months of imprisonment. *Id.* Pullen's conviction and sentence were affirmed. *United States v. Pullen*, 232 F.3d 903 (Table), 2000 WL 1480362 (10th Cir. 2000).

Pullen alleges that he has served over 75% of his sentence, and that he has a projected release date of September 2024. ECF No. 1. Pullen seeks immediate release to home confinement because he fears contracting COVID-19 while in prison. ECF No. 1. Pullen attaches an "Inmate Request to Staff Form" stating that he applied for release under the CARES Act. ECF No. 1-2.

Pullen filed his Petition as a request for "Declaratory and Injunctive Relief" under 18 U.S.C. § 3626. ECF No. 1. Because Pullen's Petition sought immediate release as a form of relief, he was provided with forms to submit a petition for habeas corpus under 28 U.S.C. § 2241.[1] Pullen filed a "Motion to Clarify" (ECF No. 5),

---

[1] Pullen does not allege a Fourth Amendment or Eighth Amendment violation by federal law enforcement officers, which are the recognized contexts of actions under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[1], his claim could not be properly raised under *Bivens*. *See Hernandez v. Mesa*, 885 F.3d 811, 815 (5th Cir. 2018), *cert. granted in part*, 139 S.Ct. 2636 (2019), *and aff'd*, 140 S.Ct. 735 (2020) (recognizing causes of action that can be raised under *Bivens*).

A habeas petition under 28 U.S.C. § 2241 may have been the proper "procedural vehicle" for challenging the manner in which a sentence is executed. *See Preiser v. Rodriguez*, 411 U.S.

suggesting that the Court either find subject matter jurisdiction or – alternatively and only then – recharacterize his petition. The undersigned denied the Motion to Clarify. ECF No. 6.

Pullen then appealed, again claiming that, unless recharacterization was necessary to find jurisdiction, he was actually seeking relief under various other statutes and constitutional provisions. ECF No. 7.

## II. Law and Analysis

### A. Pullen is not entitled to relief under the PLRA.

Pullen titled his Petition as one for declaratory and injunctive relief under 18 U.S.C. § 3626, a provision of the PLRA. ECF No. 1. Specifically, § 3626 provides, in relevant part:

> (3) Prisoner release order.
>
> (A) In any civil action with respect to prison conditions, no court shall enter a prisoner release order unless—
> (i) a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order; and
> (ii) the defendant has had a reasonable amount of time to comply with the previous court orders.
>
> (B) In any civil action in Federal court with respect to prison conditions, a prisoner release order shall be entered only by a three-judge court in accordance with section 2284 of title 28, if the requirements of subparagraph (E) have been met.
>
> (C) A party seeking a prisoner release order in Federal court shall file with any request for such relief, a request for a three-judge court and materials sufficient to demonstrate that the requirements of subparagraph (A) have been met.

---

475, 494 (1973); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *United States v. Ovaitt*, 121 F.3d 704 (5th Cir. 1997).

3

>    (D) If the requirements under subparagraph (A) have been met, a Federal judge before whom a civil action with respect to prison conditions is pending who believes that a prison release order should be considered may sua sponte request the convening of a three-judge court to determine whether a prisoner release order should be entered.
>
>    (E) The three-judge court shall enter a prisoner release order only if the court finds by clear and convincing evidence that—
>       (i) crowding is the primary cause of the violation of a Federal right; and
>       (ii) no other relief will remedy the violation of the Federal right.

18 U.S.C. § 3626.

The PLRA's basic requirements – including exhaustion of administrative remedies – remain applicable in the context of the COVID-19 pandemic. *See Valentine v. Collier*, No. 20-20207, 2020 WL 1934431, at *5 (5th Cir. Apr. 22, 2020) (reaffirming that, to the extent a remedy remains "available" to prisoners, the PLRA's exhaustion requirement "is mandatory," and that "there are no "futility or other [judicially created] exceptions") (internal citation and quotation omitted)).

Pullen has established only that he may have requested home confinement under the CARES Act, and may have filed an internal grievance form to that effect. Pullen neither alleges nor proves that he meets any of the prerequisites of § 3626. *See Livas, et al. v. Myers, et al.*, 2:20-CV-00422, 2020 WL 1939583, at *6 (W.D. La. Apr. 22, 2020) (finding no factual allegations that Petitioners have exhausted their administrative remedies or met the other requirements for the release of prisoners under § 3626). Pullen also fails to establish that relief is not "available."

### B.     Pullen is not entitled to relief under the CARES Act.

Pullen also seeks relief under the CARES Act. Before its passage, under 18 U.S.C. § 3624, the BOP had the authority to place a prisoner in home confinement for the shorter of 10% of the term of imprisonment or 6 months. The CARES Act authorizes the Director of the BOP to lengthen that amount of time. *See Livas*, 2020 WL 1939583, at *6. Specifically, the CARES Act provides as follows:

> (2) HOME CONFINEMENT AUTHORITY.—During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act § 12003(b)(1)(B)(2).

Nothing in the CARES Act grants individual prisoners the right to serve the remainder of their sentence in home confinement. *See United States v. Figueroa Maldonado*, No. CR 2:18-356-1, 2020 WL 2225182, at *2 (S.D. Tex. May 4, 2020); *United States v. Williams*, 2:12-CR-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020); *United States v. Licciardello*, 2:18-CR-449, 2020 WL 1942787, at *2 (S.D. Tex. Apr. 22, 2020); *United States v. Daniels*, 4:08-CR-0464-SLB, 2020 WL 1938973, at *1 (N.D. Ala. Apr. 22, 2020). A petitioner's initial remedy in presenting a CARES Act claim is the BOP's administrative remedy process. *See Williams*, 2020 WL 1940836, at *2; *Licciardello*, 2020 WL 1942787, at *2. Pullen has not yet exhausted this remedy and concludes that exhaustion would be futile. ECF No. 1 at 2. Therefore, the CARES Act did not change the fact that the BOP has exclusive authority over the classification and placement of inmates. *United States v. Cantu*, 423 F. Supp. 3d 345,

348 (S.D. Tex. 2019) (Attorney General has "exclusive authority and discretion to designate the place of an inmate's confinement.") (citing *Zheng Yi Xiao v. La Tuna Fed. Corr. Inst.*, 19-CV-97, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019); *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971); 18 U.S.C. § 3621(b)). And the designation of a place of imprisonment by the BOP is not constitutionally reviewable by the courts. *Livas*, 2020 WL 1939583 at *9 (citing 18 U.S.C. § 3621(b)); *see also Olim v. Wakinekona*, 461 U.S. 238, 244 (1983) (prisoner has no constitutional right to be housed in a particular facility); *Beaird v. Brown*, 3:07-CV-2077, 2008 WL 474119, at *3 (N.D. Tex. Feb. 21, 2008) ("There simply is no constitutional right to placement on home confinement at any time during a term of imprisonment.").

Thus, absent a review of whether the BOP has exceeded its statutory authority, the ultimate outcome of classification by the BOP is beyond the purview of the court. *Livas*, 2020 WL 1939583 at *9 (citations omitted). Pullen does not allege that his confinement is unlawful or that the BOP has exceeded its authority. Essentially, Pullen complains that the BOP has not exercised its discretion to allow him to serve the remainder of his sentence on home confinement. Thus, the CARES Act provides Pullen no independent relief.

### C. Any other claims should be dismissed without prejudice.

Pullen does not move for "compassionate release" or cite that statute 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. But to the extent Pullen seeks modification of his sentence, he would be required to exhaust administrative

remedies, and to raise that claim in the court of conviction. *See Landazuri v. Hall*, 423 F. App'x 475, 476 (5th Cir. 2011) ("Regarding the § 3582(c) issue, the district court dismissed for lack of jurisdiction because it was not the sentencing court."); *Brown v. Underwood*, 3:19-CV-1706, 2019 WL 5580106, at *2 (N.D. Tex. Aug. 22, 2019), *report and recommendation adopted*, 2019 WL 5579198 (N.D. Tex. Oct. 28, 2019) (citing 18 U.S.C. § 3582(c)(1)(A)); *see also* (*Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) ("If petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court.").

### D. Pullen's appeal is moot.

Because Pullen is not entitled to relief under any construction of his Petition, Pullen's appeal is now moot.

## IV. Conclusion

IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED, WITHOUT PREJUDICE to Pullen properly seeking compassionate release in the court of conviction. IT IS FURTHER RECOMMENDED that the Appeal (ECF No. 7) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy

thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 12th day of May 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE